Jacquelyn M. Asnoe, Esq. Town Attorney, Frankfort
You have asked whether a person may serve simultaneously as a part-time assessor and as a clerk in the assessor's office. Also, you have asked whether this individual may hold these positions and also continue to act as a real estate agent, provided that she would not be involved in the listing or purchase of real property in the town where she serves as assessor.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Your question involves the compatibility of an office and a position of employment in the town. A person holding a clerical position in the assessor's office would be under the supervision and control of the assessor or assessors. One cannot impartially and effectively be his or her own boss. Thus, it seems clear that one position would be subordinate to the other, establishing incompatibility under the standards stated above. We note, however, that because the duties of the two positions are compatible, they could be merged into one position, thereby avoiding the subordination problem.
Turning to your second question, we have found that a real estate broker should not serve as a tax assessor in the municipality where he or she acts as a broker. We reasoned that when preparing appraisals on property where he or she also acted as the real estate broker, the person is faced with a conflict between his or her official duties and allegiance owed to the buyer or the seller of the property that may affect his or her independent judgment. While you have indicated that the subject individual will not deal with property located in the town where she would serve as assessor, it is our view that if her real estate firm does any business in the town she should not serve as tax assessor. Otherwise, she would be placed in the position of having to assess real property with respect to which other members of the real estate firm served as agents. Additionally, she will be faced with the assessment of real property listed or otherwise handled by agents of competing real estate firms. Public officials should avoid private employment that compromises their ability to make impartial judgments solely in the public interest. Even the appearance of impropriety should be avoided in order to maintain public confidence in government.
We conclude that a person may not simultaneously serve as a tax assessor and as a clerk in the assessor's office. Also, a real estate agent, whose firm does business in the town, should not serve as the town tax assessor.